JOANOS, Judge,
concurring specially.
I concur in the affirmance of this case.
However, as to the issue pertaining to the denial of appellant’s request to have the jury verdict form include the intentional tortfea-sor for purposes of apportioning fault under section 768.81, Florida Statutes, I concur only because absent en banc consideration, we are bound by this court’s ruling in Wal-Mart Stores, Inc. v. McDonald, 676 So.2d 12 (Fla. 1st DCA), review granted, by Merrill Crossings Associates v. McDonald, 687 So.2d 1304 (Fla.1996). My view is that the law on this issue should be in accord with that stated Stellas v. Alamo Rent-A-Car, Inc., 673 So.2d 940, 942-943 (Fla. 3d DCA), review granted, 683 So.2d 485 (Fla.1996), and by Judge Ervin of our court in his concurring and dissenting opinion in Department of Corrections v. McGhee, 653 So.2d 1091, 1099-1101 (Fla. 1st DCA 1995). That view is that the fault of both negligent and intentional tortfeasors should be apportioned as a means of fairly distributing the loss, based upon the percentage of fault of each tortfeasor contributing to that loss. To interpret section 768.81, Florida Statutes, otherwise would appear to me to be unreasonable and in conflict with what appears to have been the legislature’s intent to limit a negligent defendant’s liability to that defendant’s percentage of fault.
I concur in the majority’s certification of the questions certified in McDonald.